NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

```
------------------------------------------------  :
DANTE DIXON                                       :
                                                  :
            Petitioner,                           :
                                                  :    Civil Action No. 04-3985 (JAG)
        v.                                        :    Crim. No. 01-90 (JAG)
                                                  :
                                                  :            OPINION
UNITED STATES,                                    :
                                                  :
            Respondent.                           :
------------------------------------------------  :
```

**GREENAWAY, JR., U.S.D.J.**

This matter comes before the Court on the motion (Docket Entry No. 21) of the United States ("Respondent") seeking dismissal of claims one and two of petitioner Dante Dixon's ("Petitioner") pro se motion for relief from a final decision of this Court taken pursuant to 28 U.S.C. § 2255 ("§ 2255").[1]

## BACKGROUND

Petitioner puts forth three reasons why his sentence should be set aside or vacated. First, Petitioner claims this Court subjected him to double jeopardy by sentencing him to consecutive

---

[1] 28 U.S.C. § 2225 provides, in pertinent part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

sentences for the same conspiracy. Second, Petitioner claims the consecutive sentences imposed on him violated his Sixth Amendment right to have a jury determine any facts that increase the penalty for a crime beyond the statutory maximum, other than those from a prior conviction that are either reflected in the jury verdict or admitted by the defendant. See Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Third, Petitioner claims he was deprived of his Sixth Amendment right to effective assistance of counsel. Respondent argues that the first and second claims should be dismissed pursuant to FED R. CIV. P. 12(b)(6)[2] for failure to state a claim upon which relief can be granted. For the reasons set forth below, this Court will grant Respondent's motion and dismiss claims one and two of Petitioner's § 2225 petition, and order the United States to answer Petitioner's third claim regarding ineffective assistance of counsel.

## DISCUSSION

In January 1997, Petitioner and Michael Stubblefield orchestrated a scheme to obtain several hundred unauthorized credit cards. Their scheme involved the use of sham operations to create fake mailing addresses and the use of personal information from real persons, both living and deceased, to submit fraudulent credit card applications in those persons' names. On July 25, 2000, Petitioner was charged in a federal complaint with conspiring to engage in credit card

---

[2] FED R. CIV. P. 81(a)(2) states "[t]hese rules are applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States . . . or the Rules Governing 2255 Proceedings." District court discretion to use the federal civil or criminal rules in resolving § 2255 petitions was specifically endorsed by the Supreme Court in United States v. Frady, 456 U.S. 152, 166 n.15 (1982) in which the Court quoted the Advisory Committee Notes to the § 2255 Rules, stating the Rules "allow[] the court considering the petition to use any of the rules of civil procedure (unless inconsistent with these rules of habeas corpus) when in its discretion the court decides they are appropriate under the circumstances of the particular case." FED R. CIV. P. 12(b)(6) is not inconsistent with the § 2255 Rules. See Lonchar v. Thomas, 517 U.S. 314, 325 (1996) (finding the Habeas Corpus rules confer ample discretionary authority on district courts to tailor the proceedings in habeas cases).

fraud, contrary to 18 U.S.C. § 1029(a)(2) and in violation of 18 U.S.C. § 1029(b)(2). Pursuant to a negotiated plea agreement, Petitioner agreed to plead guilty to two one-count informations. Petitioner waived indictment and in February 2001, entered a guilty plea to each of the one-count informations in which he was charged. At his plea hearing, Petitioner was informed that he faced a statutory maximum penalty of twenty years imprisonment on each information, for a total potential maximum sentence of forty years. On October 1, 2001, this Court imposed a custodial sentence of two concurrent terms of seventy-five months.

Petitioner filed a timely notice of appeal. During preparation of the appeal, Petitioner's appellate counsel discovered that Petitioner had been misadvised as to his maximum statutory exposure. Instead of facing a maximum of twenty years on each of the two informations to which he had pled guilty, for a total of forty years, Petitioner actually faced a maximum of five years for each of the two informations, for a total of ten years.

The Third Circuit denied Petitioner's appeal in which he argued that his sentence should be vacated as a result of this misinformation. United States v. Dixon, 308 F.3d 229, 235-36 (3d Cir. 2002). The Third Circuit failed to find plain error. Id. However, the Third Circuit also remanded the case "for the sole, limited purpose of permitting the District Court to resentence Dixon in accordance with the applicable statute as well as the applicable Guideline provisions." Id. at 236.

On January 16, 2003, this Court resentenced Petitioner to sixty months imprisonment on one information, and a consecutive sentence of fifteen months on the second information. Petitioner appealed this sentence and on December 9, 2003, the Third Circuit affirmed. United States v. Dixon, D.C. Crim. No. 01-cr-00090-1 (3d Cir. Dec. 9, 2003). Petitioner then filed the

§ 2255 motion that is the subject of this Order.

On a motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(6), this Court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegation. Sutton v. United Airlines, Inc., 527 U.S. 471, 475 (1999). Moreover, the claimant must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist. FED. R. CIV. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 45-46 (1957). This Court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. Pittsburgh v. West Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998).

Petitioner's first claim, that the imposition of consecutive sentences for the same conspiracy constitutes double jeopardy, will be dismissed because this Court has already determined, and the Third Circuit has affirmed, that Petitioner's sentences did not violate the Double Jeopardy Clause of the Constitution. Petitioner argues that the record at the time of the plea established no more than a single conspiracy and therefore there is no support for this Court's determination that the informations and the record at the time of the Petitioner's plea set forth two facially valid, separate, independent conspiracies. (Pet'rs Am. Br. at 6-7.)

Specifically, Petitioner asserts that the time periods and objectives alleged in the informations are indistinguishable because both informations allege a conspiracy to commit credit card fraud from the period of January 1997 to July 2000. Further, Petitioner argues that the Court expressly treated the two informations as one by repeatedly referring to the offense in the singular, and that the United States agreed that Petitioner's guilty plea to each information would be supported by his answers to a single set of fact-based questions. (Petr's Am. Br. at 6-7.) As noted in the Third Circuit's affirmance of Petitioner's resentencing, this Court concluded that "in any event, the informations 'set forth two facially valid, separate, independent conspiracies,' and that consecutive sentences do not violate the Double Jeopardy Clause where, as here, the sentences were 'imposed for arguably overlapping, but separate, conspiracy offenses, each having elements not contained in the other offense.'" United States v. Dixon, D.C. Crim. No. 01-cr-00090-1, slip op. at 5 (3d Cir. Dec. 9, 2003). Petitioner offers no new arguments in support of his Double Jeopardy claim. Therefore, because this Court has already considered this issue and determined that no Double Jeopardy violation exists, with the imprimatur of the Third Circuit, Petitioner's claim will be dismissed.

Petitioner's second claim, that the consecutive sentences imposed on him violated his Sixth Amendment right to have a jury determine the facts relevant to his sentence, will also be dismissed. In United States v. Williams, 235 F.3d 858, 863 (3d Cir. 2000), the Third Circuit held that when the actual sentence imposed does not exceed the statutory maximum Apprendi v. New Jersey, 530 U.S. 466 (2000) is not implicated. Because the seventy-five month sentence actually imposed on Petitioner is considerably lower than the statutory maximum of 120 months (if he received consecutive terms), any claim of an illegal sentence in the present case under Apprendi

5

is without merit. Therefore, Petitioner's second claim will be dismissed.

Based on the United States' request that it be permitted to file an answer to Petitioner's third claim, this Court orders Respondent to answer Petitioner's claim that he was deprived of his Sixth Amendment right to effective assistance of counsel.

## **CONCLUSION**

For the reasons set forth in this Opinion, Petitioner's double jeopardy claim and sixth amendment jury trial claim are dismissed. Petitioner's third claim in his § 2255 petition, violation of his right to effective assistance of counsel, remains and Respondent will be ordered to answer the petition.

Dated: May 10, 2006

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.