**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
                                        :
DANTE DIXON,                            :
                                        :
            Petitioner,                 :
                                        :        Civil Action No. 04-3985 (JAG)
                v.                       :
                                        :            **OPINION**
UNITED STATES,                          :
                                        :
            Respondent..                :
_____:

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on Dante Dixon's ("Petitioner") petition and

amended petition, filed pursuant to 28 U.S.C. § 2255 (Docket Entry Nos. 1 and 5), in which he

asks that his sentence be vacated and that he be resentenced.  For the reasons set forth below, the

petition will be dismissed.

### BACKGROUND

Plaintiff originally presented three reasons why his sentence should be vacated.  First,

Petitioner claimed this Court subjected him to double jeopardy by sentencing him to consecutive

sentences for the same conspiracy.  Second, Petitioner claimed the consecutive sentences

imposed on him violated his Sixth Amendment right to have a jury determine any facts that

would increase the penalty for a crime beyond the statutory maximum.  Third, Petitioner claimed

he was deprived of his Sixth Amendment right to effective assistance of counsel.  By order dated

1

May 10, 2006, this Court dismissed the first and second claims, pursuant to FED. R. CIV. P. 12(b)(6), for failure to state a claim upon which relief could be granted (Docket Entry No. 29). For the reasons set forth below, this Court will deny Petitioner's third claim for ineffective assistance of counsel, and further deny Petitioner a certificate of appealability.

## **DISCUSSION**

In January 1997, Petitioner and his partner, Michael Stubblefield, organized a scheme to obtain several hundred unauthorized credit cards.  Petitioner accomplished this by 1) setting up sham operations to create fake mailing addresses, and 2) using personal information from real persons, living and deceased, to submit fraudulent credit card applications in their names. Petitioner was charged on July 25, 2000 with conspiring to engage in credit card fraud, in violation of 18 U.S.C. §§ 1029(a)(2) and (b).  Petitioner signed a plea agreement, in which he waived indictment, and entered a guilty plea to two one-count informations.  Petitioner was informed at his plea hearing that he faced a statutory maximum of twenty years imprisonment for each information, for a total of forty years.  On October 1, 2001, this Court imposed a custodial sentence of two concurrent terms of seventy-five months.

In preparation for appeal, Petitioner's counsel discovered that Petitioner was falsely advised of the maximum statutory sentence.  Petitioner faced a maximum of five years for each information, not twenty.  On appeal, the Third Circuit failed to find plain error, and denied Petitioner's argument that his sentence should be vacated because of the misinformation.  United States v. Dixon, 308 F.3d 229, 235-36 (3d Cir. 2002).  The case was remanded "for the sole, limited purpose of permitting the District Court to resentence Dixon in accordance with the applicable statute as well as the applicable Guideline provisions."  Id. at 236.

On January 16, 2003 this Court resentenced Petitioner to sixty months imprisonment on one information, and a consecutive sentence of fifteen months on the second information. Petitioner also appealed this sentence, and the Third Circuit affirmed. United States v. Dixon, Nos. 03-1248, 03-1249 (3d Cir. Dec. 9, 2003).

On December 16, 2004, Petitioner filed an amended Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (Docket Entry No. 5).  Petitioner alleged three grounds on which to vacate his sentence: 1) that the imposition of consecutive sentences for the same conspiracy constitutes double jeopardy; 2) that the consecutive prison sentences for the conspiracy in excess of the statutory maximum violates his Sixth Amendment right to have a jury determine beyond a reasonable doubt all facts legally essential to the sentence; and 3) that counsel's failure to raise constitutional arguments against double jeopardy and enhancements which increased Petitioner's sentence beyond the statutory maximum constitutes a denial of effective assistance.  On May 11, 2006, this Court dismissed Petitioner's first two claims (Docket Entry No. 29).

Although not entirely clear from Petitioner's brief and his May 26, 2006 response, this Court can make out five grounds on which Petitioner bases his remaining  ineffective assistance claim: 1) counsel's incorrect advice concerning the statutory maximum time of imprisonment; 2) counsel's advice to plead guilty on the two informations; 3) counsel's failure to argue that the Court's sentence was illegal because it violated double jeopardy, and Petitioner's Sixth Amendment rights; 4) counsel's failure to ask the Court to order a new Presentence Report prior to his resentencing; and 5) counsel's  failure to seek a hearing concerning Petitioner's role in the offense.

To determine whether Petitioner's counsel was effective, courts apply a two-part test. Strickland v. Washington, 466 U.S. 668 (1984).  Petitioner must show first that "counsel's representation fell below an objective standard of reasonableness."  Id. at 687-88.  Second, Petitioner must show that "there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  In the context of guilty pleas, "the first half of the Strickland v. Washington test is nothing more than a restatement of the standard of attorney competence."  Hill v. Lockhart, 474 U.S. 52, 58 (1985). The Third Circuit has held that counsel who is ignorant "of the basic sentence for an offense at the time that his client is contemplating entering a plea is ineffective."  Baker v. Barbo, 177 F.3d 149, 154 (3d Cir. 1999).

To satisfy the second part of the test concerning guilty pleas, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill, 474 U.S. at 59.  As set forth by the Third Circuit, when alleging ineffective assistance of counsel in the guilty plea context, Petitioner "must make more than a bare allegation that but for counsel's error he would have pleaded not guilty and gone to trial."  Parry v. Rosemeyer, 64 F.3d 110, 118 (3d Cir. 1995).  For example, the Third Circuit has found a "reasonable probability of going to trial" when a party was initially reluctant to plead guilty and had insisted on their innocence throughout court proceedings.  See United States v. Nahodil, 36 F.3d 323, 327 (3d Cir. 1994).  Also, as put forth by the Supreme Court in Strickland, counsel's decision not to pursue claims he believes to have no merit does not open counsel to ineffectiveness challenges.  See Strickland, 466 U.S. at 691.

Petitioner's first claim – that counsel was ineffective because of his ignorance of, and

advice regarding, the maximum statutory penalty fails to satisfy the two-pronged <u>Strickland</u> test. As in <u>Baker</u>, counsel's ignorance of the basic statutory sentence Petitioner faced fulfills the first prong of the <u>Strickland</u> test.  <u>Baker</u>, 177 F.3d at 154.  This remains true even when all other parties, including the judge, did not know the true statutory maximum sentence.  <u>Id.</u>

However, Petitioner fails to satisfy the second prong of the <u>Strickland</u> test, because he cannot show how the misinformation was prejudicial.  Here, Petitioner only makes a bare allegation that he would have gone to trial had he known the correct maximum sentence, but this claim is illogical and unsupported.  Had Petitioner gone to trial, he would not have benefitted from his plea bargain.  This agreement included concessions by the government to 1) seek no more than an 11-level increase in Petitioner's base offense level under the Guidelines regardless of the amount of loss; 2) give Petitioner a 3-level reduction for his acceptance of responsibility under the Guidelines; and 3) not bring any other charges against him, including other credit card fraud allegations that carry a statutory maximum penalty of fifty years.   This Court finds it difficult to believe that Petitioner would not have pled guilty and faced a penalty in excess of 60 years, when he initially pled guilty under the assumption that he faced 40 years.  In fact, Petitioner stated in his Letter Brief in support of his Motion for Return of Property that he has "no desire or intention on withdrawing his guilty plea as a possible remedy [to his ineffective assistance claim]."  (Crim. No 01-90, Docket Entry No. 27).

Finally, Petitioner cannot show a reasonable probability that he would have gone to trial having never showed any reluctance to pleading guilty in the first place.  <u>See</u> <u>Nahodil</u>, 36 F.3d at 327.  Therefore, Petitioner's ineffective assistance of counsel claim with respect to counsel's incorrect advice concerning the statutory maximum sentence,  fails the "prejudice" prong of the

Strickland test because there is no reasonable probability that Petitioner would have not pled guilty had he known the proper maximum sentence.

Petitioner's second claim regarding counsel's advice to plead guilty similarly fails the second prong of the Strickland test.  This Court determined, and the Third Circuit affirmed, that Petitioner's sentence of 60 months to one information, and a consecutive 15 months for the second information, did not violate Petitioner's Double Jeopardy or Sixth Amendment rights.  United States v. Dixon,  Nos. 03-1248, 03-1249, slip op. at 6 (3d Cir. Dec. 9, 2003).  This Court and the Third Circuit have also maintained that the two informations are "arguably overlapping, but separate, conspiracy offenses each having elements not contained in the other offense, and thus requiring some distinct element of proof." (Crim. No. 01-90, Docket Entry No. 21)  It follows that Petitioner's claim of ineffective assistance for Counsel's failure to address the Double Jeopardy and Sixth Amendment Constitutional arguments must fail, because Petitioner could not have been prejudiced by counsel's failure to address meritless claims.  See Strickland, 466 U.S. at 691.

Likewise, Petitioner's third claim also fails the second Strickland prong.  Counsel cannot be ineffective for advising Petitioner to plead guilty to two allegedly "identical" informations, when this Court and the Third Circuit have both determined they are not identical.  Therefore, Petitioner cannot reasonably show that his counsel's advice at the time would have been any different, or that he would have instead chosen to go to trial.  As stated before, had Petitioner refused to plead guilty to the two informations, he would have been subject to a myriad of other substantial claims that could have brought much more than a 10 year sentence.

Petitioner's fourth claim, that counsel was ineffective because he did not ask for a second Presentence Report similarly fails.  This Court has already determined that none of Petitioner's

6

constitutional arguments, nor his contention that the two informations are "identical," are valid. As a result, there is no need for another Presentence Report.  Since these claims have been dismissed there is no reason to believe that a new Presentence Report would have changed the outcome of the Petitioner's sentence.  Therefore, Petitioner cannot satisfy the second prong of the Strickland test.

Finally, Petitioner argues that counsel was ineffective because he did not seek a sentencing hearing concerning, or object at sentencing to, Petitioner's leadership role in the offense.  In light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005)[1], Petitioner believes his counsel's failure to object to information that led to a four-level leadership enhancement is evidence of his ineffectiveness.  However, the Supreme Court had not decided Booker at the time of Mr. Dixon's sentencing, nor has the Third Circuit extended Booker retroactively.  See In re Olopade, 403 F.3d 159, 163 (3d Cir. 2005).  Therefore, Petitioner cannot show that he was prejudiced under the second prong of the Strickland test, and counsel cannot be deemed ineffective.

---

[1]Relevant to the present case, the Supreme Court in Booker affirmed that a judge's sentencing decision must reflect facts found in the jury verdict or admitted by the defendant during the guilty plea.  543 U.S. at 232.

**<u>Conclusion</u>**[2]

For the reasons set forth in this opinion, Petitioner's ineffective assistance claim is dismissed.  Furthermore, pursuant to 28 U.S.C. § 2253(c)(2), because Petitioner has not made a substantial showing of the denial of a constitutional right in any of his three § 2255 claims, a certificate of appealability shall not issue.

Dated: December 4, 2006

                                                                S/Joseph A. Greenaway, Jr.
                                                                JOSEPH A. GREENAWAY, JR., U.S.D.J.

---

[2] In the conclusion of his brief supporting his petition, Petitioner requests that "the case be remanded for resentencing . . . .  Alternatively, if the court perceives the existence of any question of fact regarding the issues raised herein, the case should be remanded for an evidentiary hearing."  (Def.'s Br. 14.)  "When a prisoner files a habeas corpus motion pursuant to 28 U.S.C. § 2255, the district court is required to grant the prisoner an evidentiary hearing on the matter unless the 'motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief.'" <u>U.S. v. Nino</u>, 878 F.2d 101, 103 (3d Cir. 1989).  Since this Court concludes that the files and records of the case conclusively show that Petitioner is entitled to no relief, no evidentiary hearing is required.